**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MYNOR GEOVANY SUCUC SAJBOCHOL, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) | Case No. CIV-26-193-J |
| | ) | |
| FRED FIGUEROA, WARDEN, | ) ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Petitioner Mynor Geovany Sucuc Sajbochol, a noncitizen from Guatemala, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell provided Respondent an opportunity to respond to the Petition, and based on the evidence and arguments presented, she issued a Report and Recommendation recommending that the Court grant the Petition on grounds that Petitioner was arrested without a warrant. (Rep. & Rec.) [Doc. No. 12]. Respondent filed a timely objection (Obj.) [Doc. No. 13], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). For the first time, Respondent provides relevant evidence, i.e., the warrant in question. *See* Obj., Ex. 1.

Based on this evidence, the Report and Recommendation is DECLINED and the matter is RE-REFERRED to Judge Mitchell. However, the Court does so with caution to Respondent.

## I.   <u>Background</u>

At an unknown time and place, Petitioner entered the United States. Officials with Immigration and Customs Enforcement (ICE) arrested him in December 2025, and he was placed

in removal proceedings.  In his Petition, Petitioner alleges a violation of the Fourth Amendment because he was "stopped and taken without factual reason, with no warrant or question asked" and a violation of the Fifth Amendment because he "did not get due process and is in detention [and] still does not have a . . . court date."  Pet. at 6.  Petitioner also complains about his arrest and detention being "in contravention of established detention procedures."  *Id.* at 7.  For relief, Petitioner requests "due process."  *Id.*

## II.    <u>Report and Recommendation</u>

Judge Mitchell applied liberal construction to the Petition and reasonably concluded that Petitioner's claim was that "ICE officers arrested and detained him without a warrant or due process and in contravention of 'established detention procedures.'"  Rep. & Rec. at 6 (citing Pet. at 6-7).  She then noted that Respondent "does not attempt to rebut Petitioner's allegation that no warrant was issued for his arrest."  *Id.* at 6-7.  Thus, presuming that no warrant had been issued for Petitioner's arrest and relying on statutory language rather than constitutional grounds, Judge Mitchell recommended the Court grant habeas relief and order Petitioner's immediate release from custody.  *See id.* at 7.  She did not address Petitioner's due process claim relating to his lack of hearing.

## III.    <u>Respondent's Objections</u>

Respondent objects on two grounds.  First, he argues that Judge Mitchell overly advocated for Petitioner, creating claims he did not raise.  *See* Obj. at 2-4.  The Court disagrees.  While couching his first claim as arising under the Fourth Amendment, Petitioner nevertheless provided a factual basis for his claim and referenced detention procedures.  Respondent would limit this Court's liberal construction to overlooking spelling errors, poor syntax, etc., *see* Obj. at 2-3, but courts must also overlook "confusion of various legal theories."  *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  Thus, the Court finds that Judge Mitchell properly construed Petitioner's warrantless arrest allegation as also implicating statutory violations.  The Court also rejects Respondent's suggestion that Petitioner did not state *any* due process claim, as he clearly raised a Fifth Amendment claim, mentioned due process in that claim, and sought "due process" as relief.

Second, Respondent claims that Judge Mitchell's entire recommendation is erroneously "built around a presumption" "that [Petitioner] was arrested without a warrant."  Obj. at 4. Respondent then explains that while he understood Petitioner was complaining about a warrantless arrest, he nevertheless chose to argue only that a Fourth Amendment claim is not properly raised in a § 2241 petition.  *See id.*  In other words, Respondent *chose* not to present Judge Mitchell with evidence that a warrant *had* been issued and is now blaming Judge Mitchell for assuming that such evidence did not exist.  This is utterly confounding and Respondent is cautioned that this Court is not likely to accept such belated evidence in the future.

Though the Court finds no error in Judge Mitchell's reasoning, it does recognize that Respondent's evidence – proof that Petitioner was not arrested without a warrant[1] – is fatal to Judge Mitchell's recommendation for release.  However, because Judge Mitchell did not address Petitioner's related argument that he has been denied a hearing, it does not deny the Petition but instead RE-REFERS the matter to Judge Mitchell for further consideration.

## IV.  Conclusion

For the reasons above, the Court DECLINES the Report and Recommendation [Doc. No. 12] and RE-REFERRS the matter to Judge Mitchell for further consideration.

---

[1] *See* Obj., Ex. 1.

IT IS SO ORDERED this 16th day of April, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE