## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MYNOR GEOVANY SUCUC SAJBOCHOL,<br>　　　Petitioner,<br><br>v.<br><br>FRED FIGUEROA, WARDEN,[1]<br>et al.<br><br>　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)　　Case No. CIV-26-193-J<br>)<br>)<br>)<br>)<br>)<br>) |

### REPORT AND RECOMMENDATION

Petitioner Mynor Geovany Sucuc Sajbochol, a noncitizen[2] appearing pro se,[3] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[4] The undersigned recommended the Court grant habeas relief to Petitioner because

---

[1]　Pursuant to Fed. R. Civ. P. 25(d), the Court adds Department of Homeland Security (DHS) Secretary Markwayne Mullin, and Todd Blanche (the acting Attorney General) as Respondents. The Warden of Diamondback Correctional Facility is not a federal official, so the response is not filed on behalf of the Warden. *See* Doc. 11, at 2 n.1.

[2]　This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3]　This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4]　Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

he was arrested without a warrant, as required under 8 U.S.C. § 1226(a). Doc. 12. In its objection, the government produced the warrant dated the day of Petitioner's arrest. Doc. 13, Att. 1. United States District Judge Bernard M. Jones, II re-referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C), for further consideration. Doc. 14.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part and order that he receive an individualized bond hearing.

## I.    Factual background and procedural history.

Petitioner is a citizen of Guatemala who entered the country at an unknown place at an unknown time without inspection. Doc. 11, at 2. Immigration and Customs Enforcement (ICE) officers arrested him after stopping his vehicle on December 22, 2025. Doc. 1, at 4, 6. On the date of his arrest, the Department of Homeland Security produced a warrant as § 1226(a) required and placed him in standard removal proceedings. *See* Doc. 11, Att. 1. There is no indication Petitioner has any criminal history. An Immigration Judge (IJ) ordered his removal on April 17, 2026, and Petitioner may file an appeal by May 18, 2026.[5]

---

[5]    The undersigned takes judicial notice of the Immigration Court's filings in    Petitioner's    case,    available    at    Automated    Case    Information,

## II.    Petitioner's claims.

Petitioner raises two grounds for relief:

Ground One: Violation of his Fourth Amendment rights in his arrest and detention; and

Ground Two: Violation of his Fifth Amendment due process rights related to his arrest and detention.

Doc. 1, at 6.

For Ground One he states:

When stopped and taken without factual reason, with no warrant or question asked, ICE officials broke the windows to Mynor's vehicle, searched Mynor's vehicle and grabbed his wallet without his consent or permission.

*Id.*

For Ground Two Petitioner states:

Mynor was taken without any question or indication to what was happening. He was not told his rights, he did not say anything to any official and was just taken by these officials. He never said he was "illegal" nor did he say he was "legal" or a "U.S. Citizen." Nothing was said, he was just taken. He did not get due process and is in detention he still does not have a said court date.

*Id.*

---

https://acis.eoir.justice.gov/en/caseInformation (last visited April, 27, 2026). *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d 1204, 1192 n.5 (10th Cir. 2007)).

3

Petitioner asserts his detention "appears to be unlawful and in contravention of established detention procedures." *Id.* at 7. He asks the Court to require the Government to justify his continued detention and to release him, so he receives "a fair due process." *Id.* He states:

> I would like the court to provide a justification or valid explanation for the methods taken in order to detain [Petitioner], as it appears to be unlawful and in contravention of established detention procedures. Specifically his Fourth and Fifth Amendment rights were violated, and was not give[n] proper due process. I petition the court to review the circumstances surrounding his detention and provide clear justification for his continued detention. If no justification can be provided I request that the court consider releasing [Petitioner] and be given a fair due process.

*Id.* at 7. He is challenging how his detention is being carried out. *Id.* at 4.

## III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.   Discussion.

Petitioner challenges how his detention is being "carried out" under § 1226(a). Doc. 1, at 4. "As a general rule, it is not a crime for a removable [noncitizen] to remain present in the United States." *Arizona v. United States*, 567 U.S. 387, 407 (2012) (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984)).[6]

Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)). Section 1226(a) permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)-(2) (the Attorney General "may continue to detain" or "may release" the noncitizen). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings. An alien detained under § 1226(a) is entitled to a bond hearing at which he can argue to an immigration judge that he should be released while he awaits removal proceedings because he is not a danger to others or at risk for non-appearance. *Jennings*, 583 U.S. at 306 ("Federal

---

[6]    The Government does not submit that ICE officers stopped or arrested Petitioner for any other reason than his status as a noncitizen.

regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

In his over four months of detention while in removal proceedings, Petitioner has not received an individualized bond hearing. Respondents do not suggest otherwise. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ **within three business days** or otherwise release him if he does not have a lawful bond hearing within that period.

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition in part and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within three business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. **The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.**

The undersigned further recommends the Court order that

- Counsel for the Government promptly provide a copy of this order to Counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the Government of its right to file an objection to this Report and Recommendation with the Clerk of this Court by April 30, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the Government that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[7]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

**ENTERED** this 27th day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE