**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MYNOR GEOVANY SUCUC                )
SAJBOCHOL,                         )
                                   )
          Petitioner,              )
                                   )
v.                                 )          Case No. CIV-26-193-J
                                   )
FRED FIGUEROA, WARDEN,             )
                                   )
          Respondent.              )

## ORDER

Petitioner Mynor Geovany Sucuc Sajbochol, a noncitizen from Guatemala, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). After Judge Mitchell issued her Report and Recommendation, Respondent provided additional evidence. The matter was re-referred, and Judge Mitchell has now issued a second Report and Recommendation recommending that the Court (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within three business days. *See* (Rep. & Rec.) [Doc. No. 15]. Respondents object [Doc. No. 16], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

## I.    Background

At an unknown time and place, Petitioner entered the United States. Officials with Immigration and Customs Enforcement (ICE) arrested him in December 2025, and he was placed in removal proceedings. In his Petition, Petitioner alleges a violation of the Fourth Amendment because he was "stopped and taken without factual reason, with no warrant or question asked" and a violation of the Fifth Amendment because he "did not get due process and is in detention [and]

still does not have a . . . court date." Pet. at 6. Petitioner also complains about his arrest and detention being "in contravention of established detention procedures." *Id.* at 7. For relief, Petitioner requests "due process." *Id.*

In her first Report and Recommendation, Judge Mitchell recommended relief on grounds that Petitioner was arrested without a warrant. [Doc. No. 12]. Respondents objected, arguing that Judge Mitchell overly advocated for Petitioner, creating claims he did not raise, and they *belatedly* presented the arrest warrant. On the first objection, the Court held:

> Respondent would limit this Court's liberal construction to overlooking spelling errors, poor syntax, etc., but courts must also overlook "confusion of various legal theories." Thus, the Court finds that Judge Mitchell properly construed Petitioner's warrantless arrest allegation as also implicating statutory violations. The Court also rejects Respondent's suggestion that Petitioner did not state *any* due process claim, as he clearly raised a Fifth Amendment claim, mentioned due process in that claim, and sought "due process" as relief.

[Doc. No. 14 at 2-3 (citations omitted)]. On the second objection, the Court cautioned that: "Respondent *chose* not to present Judge Mitchell with evidence that a warrant *had* been issued and is now blaming Judge Mitchell for assuming that such evidence did not exist. This is utterly confounding and Respondent is cautioned that this Court is not likely to accept such belated evidence in the future." *Id.* at 3.

## II.     Second Report and Recommendation

Now turning to Petitioner's remaining ground for relief, Judge Mitchell recommends the Court order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). *See* Rep. & Rec. at 4-6. Respondents object on two grounds.

First, Respondents devote six pages to their argument that Judge Mitchell improperly advocated for Petitioner by construing a claim based on § 1226(a) that did not appear in the Petition. *See* Obj. at 2-8. This argument has already been raised and addressed, with the Court

specifically noting that Petitioner – who is appearing pro se – had alleged his confinement was "in contravention of established detention procedures." *Supra* at 2.   Moreover, Respondents' suggestion that they could not possibly have known to address § 1226(a)'s application is nonsensical.  Immigration litigation has taken the country by storm and is typically divided into two categories:  those seeking a bond hearing and those seeking release after six months of detention without removal.  Petitioner's claims are not unique, and even the most elementary reading reveals his belief that he is entitled to a hearing.  *See* Pet. at 6 ("[Petitioner] did not get due process and is in detention [and] he still does not have a . . . court date.").

Second, Respondents object to granting relief because Petitioner's requests for a bond hearing have been denied at the administrative level on jurisdictional grounds.  *See* Obj. at 8-9 & Ex. 1.[1]  Specifically, the requests were denied under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 217 (BIA 2025).  But that ruling has no effect on this Court's ability to grant Petitioner's request for a bond hearing under § 1226(a) and Respondents' reliance on it is unpersuasive.  *See Florez Marin v. Baltazar*, No. 25-CV-03697-PAB, 2025 WL 3677019, at *4 (D. Colo. Dec. 18, 2025).

III.   **Conclusion**

For the reasons above, the Court ADOPTS the Report and Recommendation [Doc. No. 15] and GRANTS the Petition to the extent Petitioner seeks a bond hearing under § 1226(a). Respondents shall hold the bond hearing within three business days and, within seven business days thereafter, shall CERTIFY to the Court that the bond hearing occurred.

---

[1] The Court accepts this evidence because it occurred after Respondents filed their response.

IT IS SO ORDERED this 5th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE